IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

FARRIS DWAYNE GRIFFIN                                                                    PETITIONER
Reg. #08271-063

v.                                    2:23-cv-00018-KGB-JJV

JOHN P YATES,
*Warden, Forrest City-Medium*[1]                                                         RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.  INTRODUCTION**

On April 12, 2018, in the United States District Court for the Eastern District of Oklahoma, Farris Dwayne Griffin ("Petitioner") was sentenced to fifty-seven (57) months' imprisonment followed by three years of supervised release on the charge of being a felon in possession of a firearm and ammunition. *United States v. Griffin*, No. 6:17-cr-00072-RAW-1 (E.D. Okla. Apr.

---

[1] The Clerk is directed to amend the docket to reflect the full and correct name of Respondent C. Edge, Warden, FCI Forrest City.

12, 2018) (Doc. No. 39.)  Mr. Griffin is currently serving that sentence at the Federal Correctional Institution Forrest City ("FCI Forrest City").  (Doc. No. 1 at 1.)  According to the Bureau of Prisons' calculation, Mr. Griffin's projected release date is December 25, 2025.  Find an Inmate, Federal Bureau of Prisons, www.bop.gov/inmateloc/ (last visited July 18, 2023).

Mr. Griffin brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*.  (Doc. No. 1.)  Mr. Griffin raises multiple grounds for relief.  First, he argues that the Bureau of Prisons' ("BOP") refusal to run his Oklahoma state court sentence concurrent to his federal sentence violations his rights to due process and equal protection.  (Doc. No. 1 at 6-7.)  Second, he alleges that the BOP has not given him credit toward his federal sentence for the time he spent in pretrial custody, in violation of his rights to due process and equal protection.  (*Id*.)  Third, he contends the sentencing court erroneously failed to order a downward departure pursuant to U.S.S.G. § 5G1.3(b)(1).  (*Id*. at 7.)

On June 30, 2023, Respondent C. Edge, Acting Warden of FCI Forrest City, filed a response asserting dismissal of Petitioner's first two claims is appropriate due to Petitioner's failure to exhaust his administrate remedies.  (Doc. No. 10-6 at 3-4.)  Respondent argues that Petitioner's U.S.S.G. § 5G1.3(b)(1) claim shall be dismissed as it is not cognizable in habeas.  (*Id*. at 5.)

I have conducted a preliminary review of Mr. Griffin's Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on that review, I recommend the Petition be DISMISSED.

## II.   ANALYSIS

### a.  The Exhaustion Requirement

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP."  *Mathena v. United States*, 577 F.3d

943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)).  Federal regulations afford prisoners administrative review of the computation of their credits.  *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16).  Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies."  *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10.  The process is a multi-step one.  First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."  *Id*. at § 542.13(a).  Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level.  *Id*. at § 542.14(a).

Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director."  *Id*. at § 542.15(a).  Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel."  *Id*.  An inmate may seek judicial review only after exhausting each of these steps.  *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

b. **Petitioner's Failure to Exhaust**

In support of his request for time credit and concurrent sentencing, Mr. Griffin details his attempt to exhaust his administrative remedies through the BOP's Administrative Remedy

3

Program. (Doc. No. 1 at 11-14). He alleges that he submitted a grievance form one week after his arrival at FCI Forrest City and received no response. (*Id*. at 11.) He claims he next orally raised both issues with FCI Forrest City's records department, who advised that they would submit forms requesting a *nunc pro tunc* designation on his behalf. (*Id*. at 11-12). According to Mr. Griffin, six months passed "with no action taken for the request for a '*nunc pro tunc*' designation." (*Id*. at 12.) And he points to that six-month delay as evidence that further exhaustion through the BOP's process would be futile. (*Id*.)

However, BOP records show that Mr. Griffin has failed to file a single administrative remedy request during his period of incarceration at the BOP. (Doc. No. 10-5.) And to be sure, Mr. Griffin reveals that he went to FCI Forrest City's records department in person and orally "complained about the denial" of state concurrent sentencing and pre-detention time credits. (Doc. No. 1 at 3, 12.)

But that is not the proper way to engage the BOP's Administrative Remedy Program. As stated above, an inmate must first attempt to informally resolve the issue with a BOP staff member. 28 C.F.R. § 542.13(a). If that is not successful, the inmate must then submit a "formal *written* Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a) (emphasis added). Even if Mr. Griffin did raise these issues informally to staff, he did not, by his own admission, proceed to the next step and file a formal written request at the institutional level. (Doc. No. 1 at 3, 12.) This means that Mr. Griffin did not properly comply with even the first step in the administrative remedy process. And, again, administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Mr. Griffin failed to do so here.

4

Because the BOP had not received an administrative remedy request from Mr. Griffin prior to the filing of this Petition, it was not until he instituted this action that BOP personnel learned of his grievances. Accordingly, they treated his request for concurrent sentencing as a request for a *nunc pro tunc* designation and determined that "a retroactive designation [is] not appropriate." (Doc. No. 10-4.) The BOP advised Mr. Griffin in writing of this denial, stating "if you are not satisfied with this response, you may utilize the administrative remedy process." (*Id*.) That letter was dated April 11, 2023. (*Id*.) And as of June 21, 2023, Mr. Griffin has yet to file an administrative remedy request to appeal that denial, even though he was advised to do so in writing by the BOP. (Doc. No. 10-5.)

That being said, I realize Mr. Griffin may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Supreme Court of the United States explained the important role of exhaustion as follows: "requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record."[2] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

As the BOP stated in the letter to Mr. Griffin, he is free to begin the administrative remedy process if he seeks to resolve these issues. But it is only after he completes all the steps that the BOP holds out, and does so properly so that the BOP addresses the issue on its merits, that can he seek judicial review. *Woodford*, 548 U.S. at 90. Because he failed to exhaust his administrative

---

[2] In *Jones*, the Supreme Court of the United States was describing exhaustion in the Prison Litigation Reform Act ("PLRA") context. Although the PLRA does not apply to petitions of writs of habeas corpus, the rationale behind exhaustion under the PLRA offers insight into the exhaustion requirement in the habeas context for petitions brought under 28 U.S.C. § 2241. 18 U.S.C. § 1997e(a).

remedies prior to seeking judicial review, his concurrent sentencing and time credit claims should be dismissed without prejudice.

### c. U.S.S.G. § 5G1.3(b)(1) Claim

Mr. Griffin's final contention is that the sentencing court erroneously failed to order a downward departure pursuant to U.S.S.G. § 5G1.3(b). (Doc. No. 1 at 7.) Respondent is correct; this claim is not cognizable in a habeas action. The essence of habeas corpus is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ "is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). And it is "well established that habeas relief under § 2241 is *not* the proper" vehicle to contest the sentencing court's failure to apply U.S.S.G. § 5G1.3(b). *Quinn v. Rivera*, 2016 WL 8710972, at *3 (E.D. Ark. Jan. 29, 2016); *Capozzi v. Ndiaye*, 2022 WL 17959576, at *5 (D.N.J. Dec. 27, 2022). The proper method to contest the legality of one's sentence is to file a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *Quinn*, 2016 WL at *3. Accordingly, I find the most fair and efficient disposition is to dismiss this claim without prejudice and allow Mr. Griffin to proceed with a separate action pursuant to 28 U.S.C. § 2255 if he so chooses.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Griffin's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 26th day of July 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE